**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIA JACQUELINE DICENT,** | : | **CIVIL NO. 3:17-CV-332** |
| | : | |
| **Plaintiff,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SEARS HOLDINGS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, Maria Dicent, has filed a *pro se* complaint which names some 18 individual and institutional defendants.  (Doc. 1.)  These defendants include Sears, its CEO, regional clerical officials, various pastoral staff of a church and church parishioners.  (Id.)  Dicent then alleges, without any supporting factual allegations, that these defendants have conspired to commit federal crimes and violate her civil rights in a host of ways.  (Id.)

While Dicent levels these broad allegations of civil and criminal misconduct against the 18 defendants named in her complaint, notably lacking from the complaint are any well-pleaded facts explaining what has allegedly occurred here and how this

conduct has violated her civil rights. Further, the complaint seems to rely on criminal statutes to premise civil liability again these officials. Moreover, none of the individual defendants are clearly linked to any particular acts which may give rise to civil liability.

Along with his complaint, Dicent seeks leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT Dicent leave to proceed *in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommend that this complaint be dismissed, without prejudice to the filing of an amended complaint which states a claim upon which relief may be granted.

## II. Discussion

### A. Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis*. See 28 U.S.C. §1915 and 1915(e). Specifically, we must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted." This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of

Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

3

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed:  "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.'  Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

6

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who she seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss her claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately

50 pages of mostly-illegible handwriting); <u>Gearhart v. City of Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).  Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  <u>See</u> <u>Klein v. Pike Cnty. Comm'rs</u>, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); <u>Snyder v. Snyder</u>, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) <u>report and recommendation adopted,</u> 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency.  Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

> **B.**     <u>**This  Complaint Fails to State A Claim Upon Which Relief Can Be Granted**</u>

Applying these legal benchmarks in this case, dismissal of this complaint is warranted because the complaint fails on a number of scores to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement

of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.  Some of the flaws in this particular *pro se* complaint are discussed separately below.

### 1.    This Complaint Violates Rule 8 of the Federal Rules of Civil Procedure

At the outset, dismissal of this complaint is warranted because the complaint fails to comply with Rule 8's basic injunction that:  "A pleading that states a claim for relief must contain . . . *a short and plain statement of the claim* showing that the pleader is entitled to relief."  Dismissal of this complaint is appropriate since it is well-settled that:  "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)."  Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of

Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).  Furthermore, dismissal under Rule

8 is proper when a complaint "left the defendants having to guess what of the many

things discussed constituted [a cause of action];" Binsack v. Lackawanna County

Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and

unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug.

4, 2011).  Finally, a complaint may be dismissed under Rule 8 when the pleading is

simply illegible and cannot be understood.  See, e.g., Moss v. United States, 329 F.

App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City

Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431

(3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which

parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509

(MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of

approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of

Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006)

(dismissing illegible complaint).

Here, the complaint is cryptic, occasionally incomprehensible and simply lacks

any well-pleaded factual allegations explaining specifically what the 18 named

defendants are alleged to have done, and when they are alleged to have violated the

plaintiff's rights.  In short, in its current form, the complaint consists of nothing more

than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The complaint, therefore, fails to "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and [fails to meet Rule 8's requirement] that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Further, the averments set forth in the pleading consist of an apparent, but incomprehensible, catalogue of complaints, a litany grievances that are presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations.  Thus, we are "left . . . having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). In such instances, Rule 8 calls for the dismissal of the complaint.

In particular, Dicent's curious pleading style of naming certain defendants in the caption of the case, but not describing their conduct in the body of her pleading, in the apparent hope that we will be able to ferret out the elements of a cause of action against these defendants, is legally insufficient to state a claim. See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint). This cursory

style of pleading is plainly inadequate to state a claim against the individual defendants and compels dismissal of these defendants.   Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

## 2.    Dicent May Not Rely Upon Criminal Statutes to Pursue Civil Claims

Likewise, Dicent's complaint recites a number of criminal statutes.   The meaning of this recitation is unclear.   Either Dicent believes that she may use the criminal law to institute civil lawsuits, or she seeks a criminal prosecution of the defendants named in this complaint.   In either event, these claims fail.

It is well established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat.   Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review."   Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).   Recognizing this fact, courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding

that such relief simply is unavailable in a civil lawsuit. <u>See, e.g.</u>, <u>Ostrowski v. Mehltretter</u>, 20 Fed. Appx. 87, 90 (2d Cir.2001) (stating that "Ostrowski has no standing to sue for any of Mehltretter's actions. First of all, he has not shown, injury-in-fact. The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner-he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person ."); <u>See also</u> <u>Kim v. Romero</u>, 877 F.2d 64, 1989 WL 67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); <u>McMinn v. Damiani</u>, 765 F.2d 145, 1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing a pro se civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers);<u>Gessner v. Dep't of Corr.</u>, 3:14-CV-111, 2014 WL 972290 (M.D. Pa. Mar. 12, 2014); <u>Snyder v. Aaron</u>, CIV.A. 05–1602, 2006 WL 544466 (W.D.Pa. Mar.6, 2006); <u>Mover v. Borough of North Wales</u>, Civ. No. 00–1092, 2000 WL 1665132 at *2 (E.D.Pa.Nov.7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution. Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); <u>see also</u> <u>Wise v.</u>

Augustine, Civ. No. 97–2651, 1997 WL 534695 at *2 (E.D.Pa. Aug.8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No. 85–2907, 1985 WL 2681 at *2 (E.D.Pa. Sept.17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs.  Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."); Corbin v. Stevens, Civ. No. 91–1054, 1992 WL 96684 at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested...."). Therefore, to the extent that Dicent premises civil claims on criminal statutes, these claims also fail as a matter of law and should be dismissed.

### 3.    The Complaint Should Be Dismissed Without Prejudice

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Dicent has not alleged facts that would state a claim upon which relief may be granted, and it appears

14

that she may be unable to do so.  Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Dicent attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

## III.   Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED , but  IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by Dicent to timely allege facts in an amended complaint which might state a claim upon which relief may be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of February, 2017.

*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge